Filed 1/27/21  P. v. Bernard CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANZEL DEJON BERNARD,<br><br>    Defendant and Appellant. | 2d Crim. No. B299406<br>(Super. Ct. No. NA109423)<br>(Los Angeles County) |

Danzel Bernard appeals after a jury convicted him on two counts:  (1) first degree residential burglary (Penal Code, § 459)[1]; and (2) bringing contraband into a jail (§ 4573, subd. (a)).  He contends the trial court erred by admitting motive evidence of prior burglaries and by issuing a flight instruction to the jury.  He also contends the jury heard insufficient evidence to find he possessed a usable amount of methamphetamine in jail.  These arguments lack merit.  However, we accept the Attorney

_____

    [1] All statutory references are to the Penal Code unless otherwise stated.

General's concession that appellant's one-year section 667.5(b) enhancement must be stricken pursuant to Senate Bill 136. Judgment is otherwise affirmed.

FACTS AND PROCEDURAL HISTORY

Appellant is 40 years old and has spent most of his life in custody. He was incarcerated at the California Youth Authority from age 15 thru 21 for robbery. As an adult he was incarcerated in California for drug possession. He moved to Oklahoma at age 23 and served a year in custody for armed robbery. He returned to California and soon faced convictions for theft and burglary.

The burglary at issue here occurred in 2018. A resident of the Alamitos Beach neighborhood in Long Beach noticed appellant walking down the street wearing a light-colored straw hat. Appellant spoke to himself and appeared paranoid. When asked if he needed help, appellant responded that he was looking for his shoes and continued walking up and down the sidewalk. The resident saw him approach the house across the street, check the door, and look in the front window. Appellant then disappeared down the side of the house. The resident called the police after hearing loud banging sounds. Police arrived and saw appellant walk out of the house. Appellant went to the backyard and removed a plank from the back fence. He then walked to the front yard where police arrested him without incident.

Detectives found the house's side door broken off the frame and the inside ransacked. Appellant's straw hat sat on a dryer in the backyard. Detectives recovered a trash bag containing small purses or makeup bags near the fence where appellant removed the plank. The arresting officer asked appellant if he possessed controlled substances and warned he would face additional charges if he brought contraband into jail. Appellant did not

2

respond. Officers at the jail later found a small bag of methamphetamine in his sock.

At trial, the jury found appellant guilty of first-degree residential burglary and bringing contraband into jail. It also found he had four prior serious felony convictions within the meaning of section 667, subdivisions (b)-(i) and 1170.12, subdivisions (a)-(d), and two prior convictions within the meaning of section 667.5, subd. (b). In bifurcated proceedings, the trial court found the prior allegations true but dismissed two of appellant's prior convictions. It sentenced him to a term of eighteen years in prison, determined as follows: a high term of six years on the count of residential burglary, doubled pursuant to sections 667, subdivisions (b)-(i) and section 1170.12, subdivisions (a)-(d); a five-year "serious on serious" enhancement pursuant to section 667, subdivision (a); and a one-year recidivism enhancement pursuant to section 667.5, subdivision (b). Appellant received a concurrent three-year term on the second count of bringing contraband into a jail.

DISCUSSION

*1. Evidence of Appellant's 2012 Burglaries*

The prosecution introduced evidence of appellant's 2012 burglary conviction to establish motive and intent. (Evid. Code, § 1101, subd. (b).) Appellant argues they were probative of neither motive nor intent, and served only to prove appellant's propensity for criminal behavior. We disagree.

Appellant's 2012 convictions were the result of stealing two bicycles from a neighborhood in Long Beach. He contends these events were motivated by the psychological effects of methamphetamine rather than a need for quick cash to "fuel his addiction," as prosecutors alleged. But one cannot ignore the

3

similarities between the 2012 thefts and appellant's most recent crime. Both followed an incident in which alarmed residents found him wandering their neighborhood and breaking into unoccupied houses. He again took household items and police obtained evidence of drug use after arresting him. The trial court's decision to permit prosecutors to admit the evidence and present their theory of motive and intent did not exceed the bounds of reason under these circumstances. (*People v. Williams* (1997) 16 Cal.4th 153, 196-197.) Jurors received the proper instruction directing them to consider evidence of the uncharged offenses for this limited purpose. The overwhelming evidence of appellant's guilt for the current crime meant he suffered little prejudice even if the trial court had erred. Accordingly, any error in admitting the evidence of appellant's 2012 burglaries was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Mullens* (2004) 119 Cal.App.4th 648, 659.)

### 2. *Flight Instruction to the Jury*

Appellant contends the trial court erred when it issued a jury instruction on flight, CALCRIM 372, over defense counsel's objection.[2] He argues the evidence was insufficient to warrant the instruction because he made no effort to leave the scene or to evade police. We disagree. A flight instruction is proper "where the evidence shows that the defendant departed the crime scene under circumstances suggesting that his movement was

---

[2] The trial court instructed the jury as follows: "If the defendant fled immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself."

4

motivated by a consciousness of guilt." (*People v. Ray* (1996) 13 Cal.4th 313, 345.) The first officer on the scene testified that he saw appellant leave the house, walk to the backyard, and remove a plank from the fence. This testimony was substantial evidence supporting the court's decision to give the jury the standard instruction on flight. (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1245.)

### 3. Amount of Methamphetamine Possessed by Appellant

Appellant argues the jury did not have substantial evidence that he possessed a usable quantity of methamphetamine when he entered jail. (See *People v. Rubacalba* (1993) 6 Cal.4th 62, 66 [The "usable-quantity rule" prohibits a defendant's conviction "when the substance possessed simply cannot be used, such as when it is a blackened residue or a useless trace"].) We do not agree. The small bag found in appellant's sock contained enough material for the arresting officer to discern its color and texture without magnification. The .139 gram sample was large enough for the scientist to perform five different tests and to identify the substance. The court admitted his report and a picture of the bag as exhibits and instructed the jury properly. We decline to re-weigh the evidence or decide the credibility of the People's witnesses on this issue. (*People v. Maury* (2003) 30 Cal.4th 342, 403.)

### 4. One Year Enhancement Under Penal Code Section 667, Subdivision (b)

Appellant contends, and the Attorney General concedes, the one-year enhancement must be stricken pursuant to the amended section 667.5(b), which now applies only when the prior prison term was served for a sexually violent offense. (Senate Bill 136 (2019-2020 Reg. Sess.) § 1.). None of appellant's priors

5

fall within this category.  We accept the concession and order the trial court to strike the enhancement.

DISPOSITION

The sentence is vacated.  On remand, the trial court shall strike the one-year section 667.5(b) enhancement and resentence appellant.  Appellant's new sentence may not exceed his previous one.  The court shall notify the California Department of Corrections and Rehabilitation or any other appropriate agency of the modified judgment.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

6

James D. Otto, Judge
Superior Court County of Los Angeles

_____

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.